UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| Anthony Milner, | ) | |
| | ) | |
| Plaintiff, | ) | No. 1:20-CV-03505 |
| | ) | |
| v. | ) | Judge Edmond E. Chang |
| | ) | |
| Head Sheriff Dart, *et al.*, | ) | |
| | ) | |
| Defendants. | ) | |

**MEMORANDUM OPINION AND ORDER**

Anthony Milner, whose finger was injured while he was detained at the Cook County Jail, brings this civil rights lawsuit, 42 U.S.C. § 1983, asserting claims for excessive force and deliberate indifference to his medical needs. R. 15, Am. Compl.[1] Milner sued Cook County Sheriff Tom Dart, Cook County Jail Officers Finn and Ward, and medical practitioner Victor Rivera. Am. Compl.[2] Finn and Ward now move for judgment on the pleadings, Fed. R. Civ. P. 12(c), arguing that Milner's claims against them are barred by a settlement agreement between Milner and the Cook County Sheriff's Office in a separate lawsuit. R. 75, Defs.' Mot. As explained below, the motion is denied.

---

[1]The Court has federal-question subject matter jurisdiction under 28 U.S.C. § 1331. Citations to the record are "R." followed by the docket entry number and, if needed, a page or paragraph number.

[2]The Court allowed Milner to replace references in the Complaint to an initially un-named Doe Defendant with Victor Rivera. R. 96, Minute Entry (May 7, 2024).

## I. Background

For purposes of this motion, the Court accepts all well-pleaded allegations in the Amended Complaint as true and views the facts in the light most favorable to Milner, the non-moving party. *Hayes v. City of Chicago*, 670 F.3d 810, 813 (7th Cir. 2012). As of December 2019, Milner was detained in Cook County Jail. Am. Compl. at 2.[3] On December 29, 2019, while his cellmate was being handcuffed, Milner placed his hand in the chuckhole and asked Officers Finn and Ward why Milner had been held for the last seven days. *Id.* at 8. The two officers allegedly cursed at Milner and slammed the chuck closed. *Id.* Milner's pinky finger lost the nail and appeared bent (Milner thought it was broken). *Id.* at 8–9. He sought medical attention that same day and was seen by medical practitioner Rivera. *Id.* at 8. Milner received bandages and an x-ray but did not receive further treatment afterwards. *Id.* at 9. Milner first filed this § 1983 action *pro se* in May 2020. R. 1, Compl.[4]

In August 2020, Milner settled a separate *pro se* lawsuit against two other officers of Cook County, *Milner v. Pareja, et al.* 1:20-cv-00507, and signed a Confidential Settlement Agreement and General Release. R. 75-2, Defs.' Mot., Exh. B, Settlement Agr. Article 4 of the agreement (which the parties filed on the public docket), titled "General Release," is something of a run-on, word salad—and the crucial issue here is the scope of the *persons* who benefit from the release:

---

[3]Page-number cites to the Amended Complaint are to the PDF pagination.

[4]The first complaint was dismissed without prejudice for Milner's failure to disclose his complete litigation history; the Court later accepted the Amended Complaint for filing. R. 4, Order (Feb. 8, 2021); R. 14, Order (July 23, 2021).

> [Milner] ... releases any and all ... claims ... which he ... may heretofore or hereafter have had, ... including but not limited to any and all claims for Constitutional violations, federal or state law claims, injunctive relief claims, ... as well as any other such claims against Cook County, the Cook County Sheriff, the Cook County Health and Hospitals System *any current or former employees or agents thereof*, and/or any employee, agent or entity which Cook County in [*sic*] required to indemnify that may have been brought in connection with any incident or incidents that occurred at any point from the beginning of time until the execution date of this Agreement by all of the parties, with the exception of [a different case] .... THIS IS A GENERAL RELEASE.

*Id.* at 3 (emphasis added).

Almost a year after signing the agreement, Milner filed the Amended Complaint in this lawsuit *pro se*. Am. Compl. The Amended Complaint alleges excessive force during the 2019 chuckhole incident, as well as deliberate indifference to Milner's medical needs in the aftermath. *Id.* at 8–9. Finn and Ward's answer to the Amended Complaint included an affirmative defense that Milner's claims are barred by the settlement agreement in *Milner v. Pareja, et al.* R. 57, Answer at 2–3. The Court recruited pro bono counsel for Milner. R. 62, 63. Finn and Ward now move for judgment on the pleadings. Defs.' Mot.

## II. Legal Standard

A party may move for judgment on the pleadings after the pleadings are closed. Fed. R. Civ. P. 12(c). A motion for judgment on the pleadings is subject to the same standard as a motion to dismiss under Civil Rule 12(b)(6). *Hayes*, 670 F.3d at 813. In ruling on a motion for judgment on the pleadings, the Court must accept all well-pleaded allegations as true and view the alleged facts in the light most favorable to the non-moving party. *Id.* Judgment on the pleadings is proper if it appears beyond

3

doubt that the non-moving party cannot prove any set of facts sufficient to support his claim for relief. *Id.* In ruling on a motion for judgment on the pleadings, the Court considers the pleadings alone, which consist of the complaint, the answer, and any documents attached as exhibits.[5] *N. Ind. Gun & Outdoor Shows, Inc. v. City of South Bend*, 163 F.3d 449, 452 (7th Cir. 1998).

### III. Analysis

The key question is whether the settlement agreement unambiguously released Finn and Ward from this lawsuit. As explained below, the answer is no, and this motion can be denied on that ground alone. As part of his alternative arguments against this motion, Milner also contends that he has alleged deliberate-indifference claims against Finn and Ward, and *Monell* claims against Cook County. R. 79, Pl.'s

---

[5]This is one of the rare instances in which a Rule 12(c) motion can be decided with reference to materials not formally attached to the pleadings—the settlement agreement—but no more discovery is needed. The Court conditioned the filing of the Rule 12(c) motion on the moving parties' genuine belief that additional discovery was not necessary. R. 74, Minute Entry (Oct. 30, 2023). Milner does not challenge the authenticity of the settlement agreement, and the parties' arguments are based on the text of the settlement agreement and the Amended Complaint, so the Court may consider the settlement agreement even though it was not an exhibit to the pleadings. The parties have implicitly agreed that no further discovery is necessary.

In any event, the doctrine of incorporation by reference, which is often applied to Rule 12(b)(6) motions, is helpful by analogy because the settlement agreement is referenced by and central to Finn and Ward's affirmative defense. Answer at 2–3; *cf. Minch v. City of Chicago*, 486 F.3d 294, 300 (7th Cir. 2007) ("[W]hen a complaint refers to and rests on a contract … that is not attached to the complaint, a court might be within its rights to consider that document in ruling on a Rule 12(b)(6) motion to dismiss the complaint … so long as the authenticity of the document is unquestioned."); *Venture Assocs. Corp. v. Zenith Data Sys. Corp.*, 987 F.2d 429, 431 (7th Cir. 1993) ("Documents that a defendant attaches to a motion to dismiss are considered part of the pleadings if they are referred to in the plaintiff's complaint and are central to her claim."). Again, this is a rare case in which the motion can be decided with only the settlement agreement, and no other discovery (though, as explained below, the ambiguity of the agreement requires fact-finding to resolve the affirmative defense).

Resp. at 7–8. Although not strictly necessary, the Court will briefly address these arguments as well to provide guidance for later in the litigation.

## A. Settlement Agreement

A settlement agreement is construed as a contract governed by state law. *Ramos v. Piech*, 55 F.4th 1118, 1121 (7th Cir. 2022). Under Illinois law, the scope of a release in a settlement agreement is "controlled by the intent of the parties signing it." *Engineered Abrasives, Inc. v. Am. Mach. Prods. & Serv., Inc.*, 882 F.3d 650, 653 (7th Cir. 2018) (quoting *Ainsworth Corp. v. Cenco Inc.*, 437 N.E.2d 817, 822 (Ill. App. Ct. 1982)). In determining the parties' intent, courts look only to the language of the agreement—unless the text is ambiguous. *Id.* (citing *Gladinus v. Laughlin*, 366 N.E.2d 430, 432 (1977)). A contract is ambiguous when it is "capable of being understood in more than one sense." *Cannon v. Burge*, 752 F.3d 1079, 1089 (7th Cir. 2014) (cleaned up). Construction of an ambiguous contract is a question of fact, and the court may consider extrinsic evidence to determine the parties' intent. *Id.*.

The disputed text in the settlement agreement is, unfortunately, nonsensical. It is worth repeating the pertinent part of the agreement's release, which will highlight that the crucial issue is not so much the breadth of the *claims* that are released—there is no doubt that the release is a general one, not specific—as it is what *entities* or which *persons* benefit from the release. The ambiguity arises from a missing word or words at the spot (at the very least) noted in bold and brackets:

> [Milner] ... releases any and all … claims …  against Cook County, the Cook County Sheriff, the Cook County Health and Hospitals System **[missing word or words]** *any current or former employees or agents thereof* …

Settlement Agr. at 3, art. 4 (emphasis added). The key clause— "claims against Cook County, the Cook County Sheriff, the Cook County Health and Hospitals System *any current or former employees or agents thereof*," *id.* (emphasis added)—cannot be understood without adding words where the brackets are—and, indeed, perhaps in other spots as well.

Both parties propose their own versions of the added words. Defs.' Mot. at 5; Pl.'s Resp. at 6. Milner argues that the clause should read as "claims against Cook County, the Cook County Sheriff, **[or]** the Cook County Health and Hospital[s] System **[and]** any current or former employees or agents thereof." Pl.'s Resp. at 6. He maintains that the adverb "thereof" modifies only "the Cook County Health and Hospitals System," and thus Cook County and Cook County Sheriff employees (Finn and Ward work for the Sheriff) are not included in the release. *Id.* Finn and Ward, however, believe that it should read as "claims against Cook County, the Cook County Sheriff, the Cook County Health and Hospitals System **[or]** any current or former employees or agents thereof," meaning that Cook County Sheriff employees are covered. Defs.' Mot. at 5. On this motion for judgment on the pleadings, the Court must view all facts in the light most favorable to Milner, the non-moving party. *See Hayes*, 670 F.3d at 813. Given the nonsensical text and the certainty that there are some missing words that must go somewhere, and the pleading-stage standard of review, there is no getting around the ambiguity.[6]

---

[6]Typographical mistakes are inevitable in most legal documents; even the Constitution has some. *E.g.*, U.S. Const., art. I, section 10, clause 2 (in Import-Export Clause, the "it's" contraction is mistakenly used instead of possessive "its"–no state may impose duties except as necessary for executing "it's" inspection laws). Having said that, it would be sensible for

To support their interpretation, Finn and Ward rely primarily on *Ramos v. Piech*, 55 F.4th 1118 (7th Cir. 2022), arguing that *Ramos* interpreted the phrase "general release" in purportedly similar agreements to cover claims against all Cook County employees. R. 81, Defs.' Reply at 3–4. But *Ramos* is distinguishable for two reasons. First and foremost, the disputed language in *Ramos* had no missing words; it made sense on its own. *Ramos*, 55 F.4th at 1120–21. There, the release explicitly had the crucial "or" in the clause "or any current or former employees or agents thereof." *Id.* at 1121. Not so in this case. Second, *Ramos* held only that a "general release" covers all known *claims* that the releasing party might have. *See Ramos*, 55 F.4th at 1121. It did not address (because the parties did not dispute) which *persons* enjoy the benefit of a general release, which is the central issue in this case. In other words, *Ramos* focuses on the what (that is, what claims), but this case is about the who (that is, the claims against which persons). The other cases cited by Finn and Ward are likewise distinguishable as not suffering from missing words. *See* Defs.' Reply at 3 (citing *Thompson v. Davis*, 2019 WL 4261247 (N.D. Ill. Sept. 9, 2019); *Anderson v. Parker*, 2019 WL 4750071 (N.D. Ill. Sept. 30, 2019); *Daniels v. Rivers*, 2014 WL 6910492 (N.D. Ill. Dec. 9, 2014)).

Having said that, Milner's proposed interpretation of the disputed text does not indisputably prevail at this pleading stage either. His proposed text—"claims against Cook County, the Cook County Sheriff, **[or]** the Cook County Health and

---

an institutional, frequent litigant like the State's Attorney's Office to have an automatically generated template (with fields and other tailoring as needed) for its general releases so that words do not get dropped.

Hospital[s] System **[and]** any current or former employees or agents thereof," Pl.'s Resp. at 6—still leaves a potential ambiguity as to whether the "thereof" modifies only the immediately preceding entity or all three entities in the list. Second, the context of the earlier release was a case in which the one identified defendant was a Jail officer (employed by the Sheriff), not an employee of the Hospitals System. *Pareja*, Case No. 1:20-cv-00507, R. 21; Am. Compl. at 4. In that context, it arguably makes little sense to confer the benefit of a general release to Hospitals System employees but not County and Sheriff employees. (Finn and Ward do not make this argument, but Milner did not cross-move against the defense.) So Milner has not conclusively defeated the affirmative defense of release. The language of the settlement agreement is ambiguous. Discovery should be allowed so that extrinsic evidence can illuminate the agreement's meaning. This motion for judgment on the pleadings is denied.

It is worth noting a few points on just how very difficult it might be for Milner to win on his proposed interpretation at trial. True, at trial Finn and Ward will have the burden to prove the release's coverage by a preponderance of the evidence. But discovery might very well reveal that the parties clearly intended that all other Sheriff employees were covered by the general release. Also, as noted above, *Pareja* involved one identified defendant, and he was a Jail officer, *Pareja*, Case No. 1:20-cv-00507, R. 21, Am. Compl. at 4, so Milner would have to explain why the release made a distinction between Sheriff employees and Hospitals System employees that would favor the latter group. On top of that, the almost-total general release specifically

carved out a then-pending lawsuit between Milner and another Cook County Sheriff employee, Settlement Agr. at 3, art. 4 ("with the exception of *Milner v. Young*, Case No. 19-cv-2166"), which suggests that Sheriff employees were indeed covered by the general release, thus necessitating the exception. And finally, though Finn and Ward did not make this argument for the motion, at trial they could point to the part of the release that appears to cover all employees that the County would indemnify, which presumably includes Finn and Ward: "and/or any employee … which Cook County in [sic] required to indemnify." *Id.* (Of course, even this part of the clause contains a typo, apparently "in" instead of "is.") Milner should consider the risks of continuing to pursue Finn and Ward; the risks include having to pay costs if they prevail on this defense. Fed. R. Civ. P. 54(d)(1).

## B. Other Claims

In opposition to the motion for judgment on the pleadings, Milner also offers alternative arguments based on a theory of "continued" wrong. Pl.'s Resp. at 7–8. He contends that he has sufficiently alleged deliberate-indifference claims against Finn and Ward and *Monell* claims against Cook County. *Id.* It is not strictly necessary to address these alternative arguments because the ambiguity of the settlement agreement already defeats the motion. But for the parties' guidance moving forward, the Court notes that these claims are not sufficiently alleged in the Amended Complaint.

First, the Amended Complaint does not specifically allege deliberate indifference by Finn and Ward. After describing the treatment that he received from the medical practitioner, Milner concludes by alleging, "Plaintiff no longer received any

9

treatment for his damaged pinky finger." Am. Compl. at 8–9. But he does not specify who is responsible for this lack of treatment. Nor does he allege that Finn or Ward ever prevented him from receiving treatment on an ongoing basis. It is not even clear if the two officers were present in the Jail after the incident. Although the Court construes a *pro se* litigant's complaint liberally, *Haines v. Kerner*, 404 U.S. 519, 520 (1972), there are limits to that expansiveness. Even expansively construed, there is no deliberate-indifference claim alleged against Finn and Ward.

Likewise, Milner does not sufficiently allege any *Monell* claims. He argues that he has done so against Cook County based on its policies and customs of deliberate indifference to excessive force and inadequate medical care. Pl.'s Resp. at 8. To successfully assert a *Monell* claim, the complaint must adequately allege "(1) an express policy that causes a constitutional deprivation when enforced; (2) a widespread practice that is so permanent and well-settled that it constitutes a custom or practice; or (3) an allegation that the constitutional injury was caused by a person with final policymaking authority." *See Teesdale v. City of Chi.*, 690 F.3d 829, 833–34 (7th Cir. 2012). But Milner alleges only that he suffered excessive force and inadequate medical treatment at the hands of a few individuals, and there is nothing to suggest that these individuals acted pursuant to an express policy, a widespread practice, or with final policymaking authority.

If Milner wishes to assert that Finn and Ward are also responsible for the alleged lack of medical treatment, or wishes to advance a *Monell* claim, then he must

file a motion for leave to amend the complaint again (as skeptical as the Court is on the success of a motion like that).

## IV. Conclusion

For the reasons discussed above, Finn and Ward's motion for judgment on the pleadings, R. 75, is denied. Instead of the joint status report with Rivera only, R. 107, all parties shall confer and file a joint status report proposing a discovery schedule. The report is due on October 9, 2024. The tracking status hearing of October 11, 2024, is reset to October 18, 2024, at 8:30 a.m., but to track the case only (no appearance is required). Instead, the Court will receive the status report and set the schedule from there.

ENTERED:

s/Edmond E. Chang
Honorable Edmond E. Chang
United States District Judge

DATE: September 27, 2024

11